# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Plaintiff,<br><br>v.<br><br>HANFORD SUPERIOR COURT JUDGE, et al.,<br><br>Defendants. | Case No. 1:20-cv-00390-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Antoine Deshawn Barnes ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on March 6, 2020.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. Plaintiff is in the custody of the Kings County Sheriff. It is unclear whether Plaintiff is a pretrial detainee, however in his most recent motion to proceed *in forma pauperis*, Plaintiff states that he will be transferring to prison soon. (ECF No. 9.)

Plaintiff brings this action against an unnamed Hanford Superior Court Judge and the Kings County District Attorney Office. Plaintiff states that he was released from prison on July 18, 2019 and was free until he was taken back into custody on January 29, 2020 due to allegations from an incident that occurred within prison three years ago. The state judge raised Plaintiff's bail and denied his request to be released on his own recognizance. Plaintiff states

1   that he appeared for all court appearances since July 18, 2019 and there was no outstanding
2   warrant for his arrest.[1]

3         On January 29, 2020, Plaintiff rode Amtrak from San Jose to Hanford Superior Court.
4   The judge remanded Plaintiff into custody at the Hanford County Jail. When remanding
5   Plaintiff, the judge stated "now try to get out, I'm raising your bail from $20,000 to $60,000 and
6   denying your O.R." (Compl. at 7, ECF No. 1.) Plaintiff's case is a non-violent case that
7   occurred three years ago while he was in prison.

8         Plaintiff contends that the "white nationalist judge" is abusing his power and he seeks to
9   have federal agents come and rescue him from the jail. He alleges that he has been physically
10  assaulted by deputies of the Kings County Sheriff's Department and is being harassed and held
11  hostage in his cell. Plaintiff contends that he is being denied all law library documents and the
12  superior court denied his request on appeal. He seeks a change of venue and to be released as
13  soon as possible. Plaintiff alleges that "thru white nationalist hate crime abuse of power" he is
14  being denied release on his own recognizance when he twice appeared in court from the streets.

15        Plaintiff alleges violations of the Second, Fifth, Eighth, and Fourteenth Amendments, and
16  his prosecution violates double jeopardy and is malicious prosecution. Plaintiff seeks one
17  million dollars; immediate release from custody; dismissal of Kings County Superior case no.
18  18-cm-5115 from the criminal records; and an order notifying KCRA3 news Melanie Hunter,
19  KTVU Channel 2 bay area news Rosemary Orozco, and attorney general Alan Romero to
20  investigate. For the reasons discussed below, Plaintiff has failed to state a cognizable claim.
21  Plaintiff shall be provided with the legal standards that apply to his claims and granted leave to
22  file an amended complaint.

23  ─────────────────────

24  [1] Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready
25  determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA,
26  Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of the docket of the Kings County Superior Court showing that Plaintiff failed to appear
27  on August 14, 2019 and a bench warrant issued. See Superior Court of California, County of Kings, Case Information for 18CM-5115, The People of the State of Califonia v. Antoine D. Barnes, available at
28  https://cakingsportal.tylerhost.net/CAKINGSPROD/Home/WorkspaceMode?p=0, search case no. 18cm5115 (last visited March 31, 2020).

# III.

# DISCUSSION

## A. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, Plaintiff must link each named defendant with an act that violated his federal rights.

### 1. Kings County District Attorney's Office

Plaintiff brings this action against the Kings County District Attorney's Office. However, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Castro

1 v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. Here, Plaintiff's complaint is devoid of any allegations that the District Attorney's Office had a policy that deprived him of his federal rights. Plaintiff has failed to state a claim against the Kings County District Attorney's Office.

**B.    Absolute Judicial Immunity**

Plaintiff also brings this action against an unidentified judge of the superior court. Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy

centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, Plaintiff alleges that the judge ordered him to be detained despite that fact that Plaintiff had appeared on two occasions after being released from prison. The decision whether to release a defendant on bail or detain him is clearly an act within the judge's jurisdiction and authority. The judge is entitled to absolute immunity for detention decisions, and Plaintiff may not state a claim based on the judge's decision to detain Plaintiff rather than to release him on bail.

For the reasons stated, Plaintiff has failed to state a claim against any named defendant. The Court provides the following legal standards that apply to the claims asserted in the complaint.

### C. First Amendment

On his complaint form, Plaintiff checked the box that this action is alleging retaliation. To state a claim for retaliation under the First Amendment, Plaintiff must allege that "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016).

Here, the complaint contains no allegations that Plaintiff was engaged in any constitutionally protected activity or that such activity was a substantial or motivating factor for any conduct alleged.

### D. Second Amendment

Plaintiff alleges a violation of the Second Amendment. The Second Amendment to the United States Constitution provides for the right of the people to bear arms. U.S. Const. amend. II. Plaintiff has not alleged any facts in his complaint that would implicate the Second Amendment.

### E. Fifth Amendment

Plaintiff also alleges a violation of the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all Defendants in this action are state or municipal employees the Fifth Amendment does not apply.

### F. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th 2006) (quotation marks omitted).

Based on the allegations in the complaint, Plaintiff is bringing this actions based on incidents that occurred while he was a pretrial detainee. It does not appear that the Eighth Amendment would apply to Plaintiff's claims in this action.

### G. Fourteenth Amendment

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the

substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." Brittain, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

If Plaintiff contends that his due process rights are violated he must identify the liberty or property interest and stake and the due process that he was not provided to state a claim.

**H.     Malicious Prosecution**

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted).

In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012). A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. Smith v. Almada,

640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute defense to malicious prosecution. Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir. 2009).

In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of the defendant and it was 1) pursued to a legal termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with malice. Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006). For the termination be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the charges. Villa v. Cole, 4 Cal.App.4th 1327, 1335 (1992).

### I. Double Jeopardy

The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" Kansas v. Hendricks, 521 U.S. 346, 369 (1997) (quoting Witte v. United States, 515 U.S. 389, 396 (1995)). "This constitutional guarantee provides three forms of protection: It prohibits 'a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.'" United States v. Enas, 255 F.3d 662, 665 (9th Cir. 2001) (quoting Dep't of Revenue v. Kurth Ranch, 511 U.S. 767, 769 n. 1 (1994)).

While the basis of Plaintiff's double jeopardy claim is unclear, the Ninth Circuit has held that "the prohibition against double jeopardy does not bar criminal prosecution for conduct that has been the subject of prison disciplinary sanctions for two independent reasons: 1) even if the sanctions were 'punishment,' they were integral parts of [the inmate's punishment for his underlying offense]; and 2) the sanctions are not punishment for purposes of double jeopardy because they are solely remedial." United States v. Brown, 59 F.3d 102, 104 (9th Cir. 1995); see Garrity v. Fiedler, 41 F.3d 1150, 1152 (7th Cir. 1994) (holding that prison discipline do not preclude a subsequent criminal prosecution or punishment for the same acts and collecting cases of circuits holding the same); Baldovinos v. Copenhaver, 680 F. App'x 640, 641 (9th Cir. 2017) (rejecting double jeopardy claim based on prior prison disciplinary proceedings); see also Taylor

v. Hamlet, No. C01-4331MMC PR, 2003 WL 22479939, at *2 (N.D. Cal. Oct. 29, 2003) ("protection against multiple punishment afforded by the Double Jeopardy Clause likewise is not implicated by prior prison disciplinary proceedings"); Randolph v. McDaniel, No. 311CV00077RCJVPC, 2016 WL 1298111, at *6 (D. Nev. Mar. 31, 2016) (the Supreme Court has not subsequently held to the contrary). Therefore, to the extent that Plaintiff alleges that the current prosecution violates double jeopardy because he received disciplinary sanctions for the same conduct while incarcerated, his double jeopardy claim fails.

### J. Equitable Relief

Plaintiff seeks injunctive relief in this action. A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 9 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The relief that Plaintiff seeks in not narrowly drawn nor is it intended to correct the violation of the federal rights at issue in this action.

///

### K. Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff shall be provided with leave to file an amended complaint to cure the deficiencies identified in this order.

Plaintiff's complaint is largely composed of conclusory allegations that are unsupported by any factual allegations. Plaintiff is advised that under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555. Finally, the conclusory allegations in the complaint are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681. In other words, Plaintiff's amended complaint must contain sufficient factual allegations that would allow the court to reasonably infer that the defendant is liable for the conduct alleged.

## VI.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his federal rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**April 3, 2020**__

UNITED STATES MAGISTRATE JUDGE