# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>            Plaintiff,<br><br>      v.<br><br>HANFORD SUPERIOR COURT JUDGE, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00390-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A RESTRAINING ORDER AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Antoine Deshawn Barnes ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for a temporary restraining order.

## I.

## PROCEDURAL HISTORY

Plaintiff filed this action on March 6, 2020 in the Sacramento Division of the Eastern District of California. On March 17, 2020, the matter was transferred to the Fresno Division of the Eastern District of California. On March 18, 2020, Plaintiff's application to proceed *in forma pauperis* was denied without prejudice and Plaintiff was ordered to file an application that included an inmate account statement.

1 | On March 27, 2020, Plaintiff filed an amended application to proceed *in forma pauperis* that was granted on March 30, 2020. On this same date, Plaintiff filed another application to proceed *in forma pauperis* and the instant motion for a restraining order. On March 31, 2020, Plaintiff's March 30, 2020, application to proceed *in forma pauperis* was denied as moot.

Concurrently with this findings and recommendations, the Court has screened Plaintiff's complaint and found that it does not state a cognizable claim.

## II.

## LEGAL STANDARD

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the

violation of the Federal right."

## III.

## DISCUSSION

In his motion for a restraining order, Plaintiff states that he was sentenced on March 24, 2020 in the Hanford Superior Court. During sentencing, he was informed that he was no longer in the custody of the Hanford County Jail, but is now in the custody of the California Department of Corrections ("CDCR"). Due to the state of emergency caused by COVID 19, CDCR is not accepting inmates and Plaintiff requests an order directing CDCR to immediately transfer him to San Quentin Prison's reception center so he can begin earning full custody credits.

As an initial matter, a federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Here, Plaintiff's case is in the screening stage, and the United States Marshal has yet to effect service on any defendant, and no defendant has received actual notice of this action. Further, the Court has found that Plaintiff's complaint does not state a claim and Plaintiff has been granted leave to file an amended complaint. Therefore, the Court has no personal jurisdiction over any defendant at this time. Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc., 526 U.S. at 350; Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).

Plaintiff brings this action against an unnamed Hanford Superior Court Judge and the Kings County District Attorney Office alleging the state judge raised Plaintiff's bail and denied his request to be released on his own recognizance. Plaintiff contends that the "white nationalist judge" is abusing his power and he seeks to have federal agents come and rescue him from the jail. He alleges that he has been physically assaulted by deputies of the Kings County Sheriff's Department and is being harassed and held hostage in his cell. Plaintiff contends that he is being denied all law library documents and the superior court denied his request on appeal. He seeks a change of venue and to be released as soon as possible. Plaintiff alleges that "thru white

nationalist hate crime abuse of power" he is being denied release on his own recognizance when he twice appeared in court from the streets. He alleges violations of the Second, Fifth, Eighth, and Fourteenth Amendments, and that his prosecution violates double jeopardy and is malicious prosecution.

The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda, 753 F.2d at 727-28. Even if Plaintiff were to state a claim in this action, the allegations provide no basis for this Court to have jurisdiction to order the CDCR, who would not be a party to the suit, to transfer Plaintiff to San Quentin.

Further, Plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Here, Plaintiff contends that he will not receive his full time credits until he gets to CDCR. However, the judge informed Plaintiff that he is now in the custody of CDCR. The State of California allows for certain sentences to be served by a term of imprisonment in a county jail. Cal. Penal Code § 1170(h). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. at 674-75.

Finally, Plaintiff's complaints about CDCR housing him at the Kings County Jail is not related to Plaintiff's claims in this action that the state court judge ordered him to be detained and that his prosecution was malicious or violated double jeopardy. Thus, an injunction is not proper. See Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself"). Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case.

///

## III.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a restraining order be DENIED.

The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 3, 2020**

UNITED STATES MAGISTRATE JUDGE